DEBT.

Case 117.

June 24.

The case stated.

## Dupuy *vs* Harris.

ERROR TO THE MASON CIRCUIT.

*Fraudulent Bankruptcy.   Evidence.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

DUPUY brought suit on a note for $900, against Harris; the latter pleaded his certificate of discharge in bankruptcy in bar; Dupuy replied fraud, with notice, as required by the act of Congress.   The Circuit Court instructed the jury as in case of nonsuit, and Dupuy has appealed to this Court.

The instruction given cannot be sustained.

It appears in proof that Harris, on the 20th of May, 1842, made over his household effects and personal goods to Dupuy, and assigned him a bond on one Robertson, for a number of stoves, retaining the power to vend and pay over to Dupuy so much of the proceeds of sale as would pay his debt, and that early in June following, he filed his petition as a voluntary bankrupt, and returned an inventory of his effects and schedule of his debts, in which he made no mention or surrender of his interest in the bonds on Robertson, or of his household effects or personal goods.   And further, that he afterwards received stoves on Roberson's bond, made sale of them and applied the money to his own use, before he obtained his discharge.

It is competent for a creditor of a bankrupt in a suit against him, after his discharge, upon his certificate being pleaded, to reply

From these facts and others appearing in the record, the jury would have had the right to infer that Harris made the transfer and arrangement with Dupuy, in *contemplation* of becoming a voluntary bankrupt, and with the *intention and purpose* not only of giving a preference to a creditor, but of covering over and withholding from

his general creditors, and applying to his own use the interest retained. And if so, he was not only guilty of moral fraud, but fraud against the provisions of the bankrupt law, and being thus guilty, his certificate was a nullity and afforded no bar to the plaintiff's right of action against him.

The inventory of Harris'' effects, rendered on his petition in bankruptcy, or a duly certified copy thereof, was competent as evidence against him, without the production of the entire record. It is a written statement of his effects surrendered, made out on oath, over his own signature, and is as competent evidence against him as his answer in chancery would be. If he has made any addition to his inventory or to the effects surrendered, it was competent for him to show it.

The judgment of the Circuit Court is reversed, and cause remanded, that a new trial may be granted without the payment of costs.

*Waller* for plaintiff: *Hord* for defendant.

THE CATHOLIC CHURCH *vs* OFFUTT'S ADM'R. &c.

and show that it was fraudulently obtained.

A certified copy of the inventory of a voluntary bankrupt, is competent evidence for plaintiff. If it has been amended defendant must show it.