## Pohlman, et al. v. Pohlman, et al.

(Decided November 21, 1912.)

### Appeal from Campbell Circuit Court.

1. Wills—Meaning of Word "Money."—Where a testatrix, who had money, bonds, note and real estate, gave to her husband all of her "money;" and to her husband and child all of her real estate, making no mention of either the note or bonds, which constituted the principal part of her estate, the word "money" will be construed to embrace the note and bonds, in order to carry out the intention of the testatrix.

2. Wills—Presumption Against Partial Intestacy.—When a person makes a will disposing of his estate, the presumption is that he intended to dispose of his entire estate and did not purpose dying intestate as to any part of it.

3. Money—Meaning of Word.—The word "money," in its usual and ordinary acceptation, means a circulating medium, such as gold, silver or paper money, and this meaning should ordinarily be given to the word.

MATT MOORE for appellants.

H. GUNKEL, JR., for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In the will of Helen Pohlman, which was written by herself and contained three clauses, the first clause reads, "I give, devise and bequeath all money I may have at the time of my death to Henry W. Pohlman, requesting him to put a tombstone at my grave." The second clause reads, "I give to my husband, Henry W. Pohlman, during his life, house and lot No. 230, Buena Vista Addition, and house and lot No. 162, Buena Vista Addition. and at his death the same property to go to our child." Clause three reads, "Should the child die, then my husband, Henry W. Pohlman, is to have both pieces of property in his own right. I name my husband executor in this will and ask that no bond be required of him."

The testatrix died leaving surviving her husband, Henry, and one child, Florence. In addition to the real estate described in the will, she owned at the time of her death $163 in money, bonds of the value of $4,000, and a note of the value of $100, and her debts amounted to $384. In this agreed case between the husband and the child, Florence, the question for decision is, did the husband, under the first clause of the will, take, in addition to the money the testatrix had on hand at her death, the bonds and note that she owned, or did one-half of the securities go to the child and one-half to the husband, under the statute of descent and distribution, upon the theory that Mrs. Pohlman died intestate as to the bonds and notes? If the word "money" does not include the bonds and notes, then she died intestate as to this property, because no disposition of it is made in the will that in express terms disposes by name of all the other property that she owned.

The lower court decided that under the will all of the bonds and the note passed to the husband, subject to the debts of the testatrix and a sum sufficient to purchase a suitable tombstone. And to this ruling the child, by her guardian, excepted, and has prosecuted this appeal.

The word "money" in its usual and ordinary acceptation means gold, silver or paper money used as a circulating medium of exchange, and does not embrace notes, bonds, evidences of debt, or other personal or real estate, and this popular and well understood meaning should be given to the word when used in a will, unless, from a consideration of the entire instrument it was intended by the testator to have a broader meaning and to include notes, bonds and other securities. Mann v. Mann, 14 Johnson, 1, 7 Am. Dec., 416.

Aside from the fact that under well settled rules of construction a will will be construed to dispose of the entire estate of the testator, if this can be done consistently with its provisions when considered as a whole, we think it manifest that the testatrix intended, in the first clause of her will, to give to her husband all of her personal estate, which consisted only of money, bonds and a note, and that she used the word "money" under the belief that it included the securities mentioned. We say this with confidence, for if she had not so intended, and did not so believe, she would have made

some specific mention of the bonds and note, as these constituted the major portion of her estate, and it is not reasonable to infer that she purposely omitted mention of the securities with the desire not to dispose of them in her will in which she specifically mentioned the other property she owned and gave explicit directions as to how she desired it to go. To give the word "money" in this will its popular meaning would, we think, defeat the purpose of the testatrix who clearly intended to dispose of her entire estate and that her husband should have all that she possessed except the real estate, in which he was given a life estate, in the event he died before the child. There is ample authority to support the construction that the usual meaning of the word money should be enlarged to embrace evidences of debt when this interpretation is necessary to carry into effect the intention of the testator as gathered from the will and to prevent a partial intestacy not intended as may be seen by an examination of the cases of Catholic Church v. Offutt, 6 B. Mon., 535; Dexter v. Dexter, 121 Ill., 341; Jenkins v. Fowler, 63 N. H., 244; Gillin v. Kimball, 34 Ohio State, 352; Sweet v. Burnett, 136 N. Y., 204; Fulkerson v. Chitty, 4 Jones Equity N. C., 244; Page on Wills, section 496.

The judgment is affirmed.